

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

December 11, 1951

Hon. Geo. B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1368

Re: Procedure for reporting
real estate held by an out-
of-State life insurance
company under Article
4769, V.C.S. (Article 4.03,

Dear Mr. Butler:                     Insurance Code).

You request the opinion of this office upon the ques-
tion presented in your letter, which is as follows:

"Please see Article 4766 [Article 3.34, Insur-
ance Code] and particularly the following excerpt
from Paragraph 2 of the Article:

" 'The investments required by this Chapter
may be made by the purchase of not more than one
building site, and in the erection thereon of not more
than one office building, or in the purchase, at its
reasonable market value, of such office building al-
ready constructed and the ground upon which the same
is located in any city of the State of more than four
thousand (4,000) inhabitants. All real estate owned
by life insurance companies in this State on Decem-
ber 31, 1909, and all thereafter acquired under the
provisions of this Chapter, or by foreclosure of a lien
thereon shall be treated, to the extent of its reason-
able market value, as a part of the investment required
by this Chapter.'

"It has been the Departmental construction
through the years that since life insurance companies
licensed in Texas may acquire and hold real estate
subject to the limitations of Article 4726 [Article 3.40,
Insurance Code], any real estate held or acquired in
a manner other than authorized by Article 4726 may
not be admitted as an asset to the company.

"Some of the out-of-State life insurers doing business in Texas own and hold real estate situated in the state of their domicile which the more liberal laws of their state permit them to do but which would be in conflict with Article 4726 if the real estate were located in Texas. The result is that the out-of-State life companies properly carry such real estate as admitted assets.

"In making their annual tax return as required by Article 4769 [Article 4.03, Insurance Code], some of the out-of-State companies list as similar securities in the State in which they had the highest percentage of their admitted assets invested only the real estate located in that state which was owned on December 31, 1909 and all which was acquired and held by it in the manner prescribed by our Article 4726. See Item 12, Part II of the tax return blank enclosed.

"The position of such companies is that real estate in Texas held outside the provisions of Article 4726 would not be an admitted asset in so far as this State is concerned, and therefore is not a Texas security, the consequence being that such real estate legally held in another state could not be a similar security to Texas securities. The Departmental position, with some differences in viewpoint here, is that real estate legally held in the state in which the company has its highest percentage of admitted assets is similar to real estate legally held in Texas, and should be so reported by such out-of-State companies.

"Will you please advise me whether real estate held by an out-of-State life, health and accident insurance company in the state in which it had its highest percentage of admitted assets invested should be reported as a similar security in the Texas tax return required by Article 4769, even though a portion of such real estate holdings would not meet the provisions of our Article 4726?"

Article 4769, V.C.S., which now appears as Article 4.03 of the new Insurance Code, provides for a gross premiums tax with respect to life, personal accident, life and accident, or health and accident insurance for profit, or for mutual benefit or protection, upon such foreign life insurance companies doing business in Texas. The tax rate is a percentage of the gross premiums received, the tax being payable to the State Treasurer on or before March 15th for the preceding calendar year. The statute

provides for graduated rates depending on the ratio of the company's investments in Texas securities as of December 31st of the preceding year to its investments in similar securities in the state in which it had the highest percentage of its admitted assets invested.

It is reflected by your request that certain foreign insurance companies doing business in this State subject to the gross receipts tax provided in Article 4.03, Insurance Code, maintain that they should not include as a similar security any real estate owned by them in the state in which they have their highest percentage of admitted assets invested if the ownership of such real estate in Texas would be forbidden by the provisions of Article 3.40, Insurance Code. It is observed that the provisions of Article 3.34 defining Texas securities in so far as applicable to real estate, coincide with the provisions of Article 3.40. In the definition of Texas securities found in Article 3.34, the only reference to real estate is in this language:

"The investments required by this Chapter may be made by the purchase of not more than one building site, and in the erection thereon of not more than one office building, or in the purchase, at its reasonable market value, of such office building already constructed and the ground upon which the same is located in any city of the State of more than four thousand (4,000) inhabitants. All real estate owned by life insurance companies in this State on December 31, 1909, and all thereafter acquired under the provisions of this Chapter, or by foreclosure of a lien thereon shall be treated, to the extent of its reasonable market value, as a part of the investment required by this Chapter."

The answer to your question depends upon the meaning to be accorded the term "similar securities." The Legislature defined "Texas securities" and as to the securities of the foreign state merely required that the securities be similar to Texas securities. Since the Legislature did not define "similar securities," we may assume that it is to be given its ordinary meaning as generally used and understood. Webster's New International Dictionary (2nd Ed. 1938) defines "similar" as follows:

"1. Nearly corresponding; resembling in many respects; somewhat like; having a general likeness."

In 39 Words and Phrases (Perm. Ed.) 302-306, several cases are cited construing the word "similar" appearing in

contracts, wills, ordinances, and statutes, the general tenor of which is to accord the generally accepted meaning to the term as distinguished from the term "identical." These cases point out that unless the context indicates a more restricted meaning of the word "similar," the generally accepted meaning as commonly used is the one that should be adopted.

Had the Legislature used the term "identical securities" instead of the term "similar securities," we would have a different problem; for then it could be logically urged that only such real estate as the company owned in the foreign state identical with the real estate defined in Article 3.34 should be included and that any other real estate, although the ownership thereof is legal in the foreign state, should be excluded. However, the Legislature used the word "similar" and did not use the word "identical." Therefore, it is our opinion that real estate legally owned by a foreign insurance company in the state in which it has its highest percentage of admitted assets invested is a similar security to real estate legally owned in Texas as defined in Article 3.34, Insurance Code.

## SUMMARY

Real estate lawfully owned by a foreign insurance company in the state in which it has its highest percentage of admitted assets invested and which is doing business in this State and is subject to the gross receipts tax imposed by Article 4.03, Insurance Code, is "similar" to real estate in Texas as defined in Article 3.34, Insurance Code, notwithstanding the ownership thereof would be contrary to the provisions of Article 3.40, Insurance Code, if owned in this State. Such foreign insurance company should include the real estate lawfully owned by it in such foreign state in determining its tax rate under Article 4.03, Insurance Code.

APPROVED:

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

LPL/mwb

Yours very truly,

PRICE DANIEL
Attorney General

By _L. P. Lollar_
     L. P. Lollar
       Assistant